The document below is hereby signed.

Signed: May 31, 2017



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RUFUS STANCIL, JR., | ) | Case No. 17-00283 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND
ORDER DENYING REQUEST TO EXTEND TIME
TO FILE CREDIT COUNSELING CERTIFICATE

11 U.S.C. § 109(h)(1) requires an individual debtor to obtain credit counseling *prepetition*. The debtor failed to comply with this requirement, and he does not come within an exception to that requirement.

On part 5 of the petition (titled *Explain Your Efforts to Receive a Briefing About Credit Counseling*"), the debtor checked a box stating that:

> I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

This is a certification under 11 U.S.C. § 109(h)(3)(A)(i) and (ii), but under § 109(h)(3)(A)(iii), but no temporary exemption

from the prepetition credit counseling requirement is applicable pursuant to such a certification if the certification is not satisfactory to the court. The box further states:

> To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

The petition also includes an attached request to extend time to file a credit counseling certificate (Dkt. No. 1, at 8) explaining that:

> Explanation of efforts Debtor 1 made to obtain the briefing, why Debtor 1 was unable to obtain it before Debtor 1 filed for bankruptcy, and what exigent circumstances required Debtor 1 to file this case:
> **Emergency filing as needed to stop foreclosure and did not realize needed counselling [sic]. First met with counsel shortly before filing on May 16, 2017. Counselling [sic] to be completed[.]**

(Emphasis in original.) The request fails, as instructed in part 5 of the petition, to explain what efforts the debtor made to obtain a briefing, and why pursuant to those efforts the debtor was unable to obtain credit counseling before filing the petition. The debtor has provided no details regarding when the credit counseling was requested versus when the foreclosure sale was to be held, has not identified the credit counseling agency he contacted, and has not explained why that credit counseling agency was unable to provide credit counseling within 7 days. Accordingly, the debtor's certification is not satisfactory to

2

the court, and a temporary exemption under § 109(h)(3) does not apply.

The court dismissed Case No. 11-00097, filed by the debtor and his wife, based on their failure to "explain why [their] circumstances prevented them from obtaining counseling before filing their petition, provide a list of the credit counseling agencies they contacted prior to filing their petition, or satisfactorily explain why these agencies could not provide counseling within seven days." *Order Denying Request for Temporary Waiver of the Prepetition Credit Counseling Requirement and Dismissing Case*, Case No. 11-00097, Dkt. No. 7 (Bankr. D.D.C. Feb. 10, 2011).  That prior encounter of the debtor with the prepetition credit counseling requirement makes the § 109(h)(3)(A) certification in this case all that more unsatisfactory.  The debtor should have been aware that he was required to obtain prepetition credit counseling, and has offered no explanation why he could not have sought credit counseling many days before filing the petition commencing this case.  An imminent foreclosure sale may be an "exigent circumstance" within the meaning of § 109(h)(3)(A)(i), but that exigent circumstance does not merit a temporary exemption from the prepetition credit counseling requirement if the debtor delayed seeking credit counseling even though he should have been aware through a prior case that this was a requirement for being eligible to be a

debtor.

In light of the foregoing, it is

ORDERED that the debtor's request to extend time to file a credit counseling certificate (Dkt. No. 1, at 8) is DENIED. It is further

ORDERED that, there being no applicable § 109(h) exceptions to the requirement of prepetition credit counseling, an order will be issued dismissing the debtor's case.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.

4

R:\Common\TeelBW\MRM\Orders\109(h) prepetition counseling waiver\Denial of Waiver_postpetition credit counseling_Rufus Stancil, Jr._v3.wpd